MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
BENJAMIN D. SEAL
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC -9 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
TRAVIS HILTON,
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Defendants.

**1:14-CR-2101-LRS**
INDICTMENT

Ct. 1: 21 U.S.C. § 846 - Conspiracy to Distribute Controlled Substances

Ct. 2: 21 U.S.C. § 841(a)(1) - Distribution of a Controlled Substance (XLR11)

Cts. 3-4: 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 – Money Laundering

Ct. 5: 18 U.S.C. § 1956(h) – Conspiracy to Launder Money

Ct. 6-8: 18 U.S.C. § 2320(a) – Trafficking in Counterfeit Goods

Notice of Criminal Forfeiture

The Grand Jury charges:

### COUNT 1

From on or about April 11, 2012, and continuing to on or about December 9, 2014, in the Eastern District of Washington, the Defendants, ▇▇▇▇▇▇ TRAVIS HILTON, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ knowingly and intentionally combined, conspired, confederated and agreed together and with each other, to commit the following offense against the United States, to wit: to knowingly

INDICTMENT 1

and intentionally distribute controlled substances including XLR11 and AB-FUBINACA, Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT 2

On or about February 3, 2014, in the Eastern District of Washington, the Defendants, ███████████████ did knowingly and intentionally distribute XLR11, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 3

On or about November 27, 2013, in the Eastern District of Washington, the Defendants, ███████████████ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, issuing check no. 2201 from the One Love Gift Shop LLC account in the amount of $9,050, which involved the proceeds of a specified unlawful activity, that is narcotics trafficking, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

INDICTMENT 2

## COUNT 4

On or about February 20, 2014, in the Eastern District of Washington, the Defendants, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, issuing check no. 2225 from the One Love Gift Shop LLC account in the amount of $5,000, which involved the proceeds of a specified unlawful activity, that is narcotics trafficking, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

## COUNT 5

The allegations set forth in Counts One through Four are re-alleged and incorporated herein by reference.

From on or about April 11, 2012, and continuing to on or about December 9, 2014, in the Eastern District of Washington, the Defendants, ▓▓▓▓ TRAVIS HILTON, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ knowingly and intentionally combined, conspired, confederated and agreed together and with each other, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

INDICTMENT                               3

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute controlled substances; drug trafficking; and the transportation and sale of drug paraphernalia, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute controlled substances; drug trafficking; and the transportation and sale of drug paraphernalia, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

INDICTMENT 4

1. Forming businesses in order to open bank accounts in the names of businesses which will be involved in their illegal activities, and funding the accounts with criminally derived proceeds.

2. Conducting financial transactions through the accounts in order to pay expenses, purchase property, and secure materials needed in the distribution of controlled substances and controlled substance analogues, and acquire drug paraphernalia and other items for sale and distribution through their businesses.

3. Conducting financial transactions to stock their stores with quasi-legitimate and legitimate items, such as tobacco-related products, to maintain the appearance of a legal tobacco smoke shop.

4. Deliberately concealing the illegal nature and sources of their acquired proceeds through various means, including packaging and store notices, labels and statements declaring that their controlled substances and controlled substance analogues were "potpourri," "aromatics," or other items which were not for smoking or other human consumption, and that their drug paraphernalia items were for tobacco use only.

5. Conducting financial transactions through the accounts in order to commingle and distribute the illicit profits of their businesses.

All in violation of Title 18, United States Code, Section 1956(h).

INDICTMENT                              5

## COUNT 6

On or about December 5, 2013, in the Eastern District of Washington, the Defendants, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did intentionally traffic and attempt to traffic in goods, specifically counterfeit NFL jerseys, while knowingly using on and in connection with such goods a counterfeit mark, to wit, spurious marks identical to and substantially indistinguishable from those officially licensed by the National Football League, marks that were in use and registered for such goods on the principal register in the United States Patent and Trademark Office and the use of which counterfeit marks were likely to cause confusion, to cause mistake, and to deceive, all in violation of Title 18, United States Code, Sections 2320(a) and 2.

## COUNT 7

On or about January 29, 2014, in the Eastern District of Washington, the Defendants, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did intentionally traffic and attempt to traffic in goods, specifically counterfeit NFL jerseys, while knowingly using on and in connection with such goods a counterfeit mark, to wit, spurious marks identical to and substantially indistinguishable from those officially licensed by the National Football League, marks that were in use and registered for such goods on the principal register in the United States Patent and Trademark Office and the use of which counterfeit marks were likely to cause confusion, to cause mistake, and to deceive, all in violation of Title 18, United States Code, Sections 2320(a) and 2.

## COUNT 8

On or about May 28, 2014, in the Eastern District of Washington, the Defendants, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did intentionally traffic and attempt to traffic in goods, specifically counterfeit NFL hats, while knowingly using on and in connection with such goods a counterfeit mark, to wit, spurious marks identical to and substantially indistinguishable from those officially licensed by the National Football League, marks that were in use and registered for such goods on the principal register in the United States Patent and Trademark Office and the use of which counterfeit marks were likely to cause confusion, to cause mistake, and to deceive, all in violation of Title 18, United States Code, Sections 2320(a) and 2.

## Notice of Criminal Forfeiture Allegations (Controlled Substance Violations)

The allegations set forth in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and/or 841, the Defendants, ▓▓▓▓▓▓▓▓▓▓▓▓ TRAVIS HILTON, ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

INDICTMENT 7

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

### Notice of Criminal Forfeiture Allegations (Money Laundering)

The allegations contained in Counts 3 - 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the Defendants, ▇▇▇ TRAVIS HILTON, ▇▇▇ ▇▇▇ shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

INDICTMENT        8

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**Notice of Criminal Forfeiture Allegations (Trafficking in Counterfeit Goods)**

The allegations contained in Counts 6 - 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2323(b).

Pursuant to Title 18, United States Code, Section 2323(b), upon conviction of an offense in violation of Title 18, United States Code, Section 2320, the Defendants, ███████ shall forfeit to the United States: (A) any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; (B) any property used, or intended to be used, in any manner or part to commit or facilitate, the commission of an offense in violation of Title 18, United States Code, Section 2320; and, (C) any property constituting or derived from any

INDICTMENT                                 9

proceeds obtained directly or indirectly as a result of the commission of an offense in violation of Title 18, United States Code, Section 2320.

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2)(A).

DATED: December 9, 2014.

A TRUE BILL

MICHAEL C. ORMSBY
United States Attorney

SHAWN N. ANDERSON
Supervisory Assistant United States Attorney

BENJAMIN D. SEAL
Assistant United States Attorney

INDICTMENT    10